**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEE KYUNG-SAE, | No. 13-72173 |
| Petitioner, | Agency No. A078-508-177 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2015[**]

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Lee Kyung-Sae, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") order denying his motion to reopen removal

proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in dismissing Kyung-Sae's appeal of the IJ's order denying his motion to reopen as untimely, where he filed the motion more than nine years after his in absentia order of removal became final, *see* 8 C.F.R. § 1003.23(b)(1), (4)(ii), and he has not established the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679-80 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as petitioner exercises due diligence in discovering such circumstances).

It follows that Kyung-Sae's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

To the extent Kyung-Sae contends the BIA erred in declining to invoke its sua sponte authority to reopen proceedings, we lack jurisdiction to consider that claim. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011) (this court lacks jurisdiction to review the BIA's sua sponte determination).

2                                                                                                13-72173

In light of our disposition, we do not reach Kyung-Sae's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

13-72173